IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY ANN NIETO,

    Plaintiff,

v.   No. 1:24-cv-00510-JCH-GBW

DIANE B., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 22, 2024 ("Complaint"). The Complaint contains allegations regarding: (i) persons stalking Plaintiff; (ii) human trafficking; (iii) people "putting something in my veins in my neck trying to give me a rare blood disease;" (iv) "weapons inserted into my body. . . I have about 4000 weapons on my body;" (v) persons "using Blue Cross Blue Shield under my name" and getting kidney transplants; (vi) "Everything I see Diane B and her girls . . . they see also because weapons in my eyes. They also hear everything I hear;" (vii) "one of my legs is bigger than the other. I have hammer toes;" and (viii) "she's killing all my family because she wants my mom's home." Complaint at 2-4, 6, 8, 12.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

> The Complaint fails to state a civil rights claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint does not contain any factual allegations showing that Defendants deprived Plaintiff of any federally protected rights or that Defendants were acting under color of state law.

Order for Amended Complaint at 3, Doc. 5, filed May 24, 2024.  Judge Wormuth ordered Plaintiff to file an Amended Complaint stating "[t]he amended complaint must explain what each Defendant did to Plaintiff, when Defendants did it and what specific right Plaintiff believes each Defendant violated."  Order for Amended Complaint at 4 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).

Plaintiff filed an unsigned, untitled document which the Clerk's Office docketed as an Amended Complaint.  *See* Doc. 6, filed May 29, 2024.  *See* D.N.M.LR-Civ. 10.2 ("The title of a document must clearly identify its substance and any filed document to which it responds or is connected"); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").  Plaintiff did not file any other documents before the June 14, 2024, deadline to file an amended complaint.  Because Plaintiff is proceeding pro se, the Court liberally construes the document Plaintiff filed on May 29, 2024, as her Amended Complaint.

The Amended Complaint names several persons as "Added Defendants" and provides short descriptions of the Added Defendant including "neighbor," their address, one as an active cannibal, one with a receding hair line and an amputated leg, some by the vehicle they drive, one who has a machine that chops up human bodies, and one who "changes his looks w/ weapons all the time – could be bald, or short or blind or fat or thin."  Amended Complaint at 1-3.  The Amended Complaint also lists 28 "Charges" including human trafficking, "remote controls on vehicles," stalking, homicide, hiding drugs, computer hacking, putting deceased family members names on

2

life insurances, "death by elect. harassment," auto theft and slander. Amended Complaint at 3-4. Plaintiff does not identify which Defendants she is asserting each charge against.

The Court dismisses this case without prejudice because the Amended Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

If Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983, as she did in her original Complaint, the Court dismisses this case for failure to state a claim, because the Amended Complaint does not state that Defendants were acting under color of state law, what each Defendant did to Plaintiff, when each Defendant committed the alleged unspecified actions, or what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE